KAREN P. HEWITT
United States Attorney
STEVE B. CHU
Assistant U.S. Attorney
California Bar No. 221177
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101-8893
Telephone: (619) 557-5682

Attorneys for all Federal Defendants

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMON B. GALENDEZ,<br><br>    Plaintiff,<br><br> v.<br><br>JOHN POTTER, U.S. POSTMASTER GENERAL IN HIS OFFICIAL CAPACITY AND UNITED STATES POSTAL SERVICE AND DOES 1-10, INCLUSIVE<br><br>    Defendants.<br>_____ | Civil Case No. 08CV0730 WQH - LSP<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT<br><br>Date: Oct. 20, 2008<br>Time: 11:00 a.m.<br>Crtrm: 4<br><br>Hon. William Q. Hayes<br><br>[No Oral Argument Unless Requested by the Court] |

I.

INTRODUCTION

This is an action against the United States Postal Service brought by a former employee, Ramon Galendez. Mr. Galendez brings the current suit under the guise of the Federal Tort Claims Act, 28 U.S.C. §§1346(b) and 2671-2680 ("FTCA"). The case revolves around certain events that occurred in 2002 and 2003, when Mr. Galendez filed a claim for worker's compensation benefits. The USPS became suspicious of possible fraud and commenced an investigation into Mr. Galendez's claim. Ultimately Mr. Galendez was terminated from his position, and now brings the current action against the USPS. As discussed below, Mr. Galendez's claims are untimely and must be dismissed.

II.

FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Ramon Galendez is a former employee of the United States Postal Service ("USPS"). (Complaint at ¶ 1.) Mr. Galendez worked as a letter carrier for the USPS for over 19 years prior to his termination effective December 27, 2003. (Id. at ¶ 6.) Mr. Galendez alleged that he suffered an injury resulting from his job as a Letter Carrier. (Id. at ¶ 7.)

The USPS began investigating Mr. Galendez for possible worker's compensation fraud and telephoned Plaintiff on two occasions to discuss his physical condition. (Id. at ¶ 8.) These phone conversations involved USPS agents Linda Moore and Jerry Donavan, and occurred on September 12, 2002 and February 5, 2003. (Id. at ¶ 9.) Recordings of these conversations were presented to the San Diego County District Attorney's Office, and Mr. Galendez was charged with twenty-eight counts of criminal conduct, based in part on the recordings. (Id. at ¶ 14.) On May 25, 2005, the California Superior Court dismissed the charges against Mr. Galendez, on the basis that some of the recorded phone conversations had been made without Mr. Galendez's permission.[1] (Id. at ¶ 15.)

---

[1] The investigation into Mr. Galendez's activities, which included tape recording phone conversations with Mr. Galendez was conducted in the good faith belief that it would lead to prosecution in Federal Court. However, the matter was ultimately pursued in state court, where certain evidence was excluded under state law evidentiary standards.

2

Mr. Galendez was eventually terminated from his position with the USPS by way of a letter of decision dated December 15, 2003. (Exhibit C to Declaration of Conny Beatty.) The USPS has no record of Mr. Galendez ever filing an appeal of this final decision with the Merit Systems Protection Board ("MSPB") or with the Equal Employment Opportunity Commission ("EEOC"). (Declaration of Conny Beatty at ¶ 4). Mr. Galendez later filed an administrative claim with the USPS dated November 21, 2005 that was received by the USPS on January 9, 2006. (Exhibit A to Beatty Declaration) The USPS denied this claim in writing by letter dated September 29, 2006. (Exhibit B to Beatty Declaration.) Thereafter Mr. Galendez filed the instant complaint on April 22, 2008.

## III.
## LEGAL ARGUMENT

Mr. Galendez's complaint contains four causes of action: (1) invasion of privacy, (2) unreasonable search and seizure, (3) unlawful interception, and (4) conspiracy to invade privacy. Mr. Galendez has pursued his case as a tort action pursuant to the Federal Tort Claims Act, filing an FTCA Administrative claim with the USPS, and then proceeding with the instant complaint in Federal Court. The FTCA provides a statutory scheme for plaintiffs to seek redress from the Federal Government for injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission of an employee of the Government while acting within the course and scope of his or her office or employment. 28 U.S.C. § 2679 (b)(1).

As a threshold matter, it is unclear whether Mr. Galendez's claim is a proper FTCA matter. His complaint alleges a violation of his constitutional rights, which would appear to be more properly characterized as a constitutional claim under Bivens against specific Government employees.[2] His complaint also references the fact that he was terminated from his position, which would appear to more properly be fashioned as an employment action falling within the ambit of Title VII of the Civil Rights Act. However, regardless of whether the case is

---

[2] In Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), the Supreme Court established an implied private right of action against federal officials for tortious deprivations of constitutional rights. Bruns v. National Credit Union Administration, 122 F.3d 1251, 1255 (9th Cir. 1997). Bivens is the federal analog to suits brought against state officials under 42 U.S.C. § 1983. Hartman v. Moore, 545 U.S. 1130, 126 S.Ct. 1695, 1700 n. 2 (2006).

1  characterized as an employment action, an FTCA case, or a Bivens action, in each instance
2  Plaintiff has failed to comply with the statutory requirements regarding the applicable statute of
3  limitations, and his complaint must be dismissed in its entirety with prejudice.

4        A court may exercise jurisdiction only when specifically authorized to do so, and must
5  dismiss an action when it becomes apparent that jurisdiction is lacking. Fed. R. Civ. P. 12(h)(3).
6  The plaintiff bears the burden of showing that jurisdiction is proper. Lujan v. Defenders of
7  Wildlife, 504 U.S. 555, 560-61 (1992). A motion filed under Rule 12(b)(1) of the Federal Rules
8  of Civil Procedure allows a party to challenge the subject matter jurisdiction of the district court
9  to hear a case. Fed. R. Civ. P. 12(b)(1).

10       A.    Plaintiff's FTCA Claim is Untimely and Must be Dismissed

11       The Federal Tort Claims Act, 28 U.S.C. §§1346(b) and 2671-2680 creates a limited right
12 to sue the United States for certain torts committed by its employees and agencies. The FTCA
13 constitutes a partial waiver of sovereign immunity for some tort suits against the United States,
14 but such suits must be brought in strict compliance with the provisions of the FTCA. Lehner v.
15 United States, 685 F.2d 1187, 1189 (9th Cir. 1982); Caidin v. United States, 564 F.2d 284, 286
16 (9th Cir. 1977). Accordingly, the jurisdiction of a federal court to entertain suits brought under
17 the FTCA is limited by the specific terms of the FTCA. Warren v. United States Department
18 of the Interior, 724 F.2d 776, 777 (9th Cir. 1984).

19       The FTCA requires that plaintiffs first present claims to the appropriate agency before
20 filing an action in Federal Court. 28 U.S.C. § 2401(b). As a condition on a waiver of sovereign
21 immunity, the claim requirement is "strictly enforced." House v. Mine Safety Appliances Co.,
22 573 F.2d 609, 615 (9th Cir. 1978), overruled on other grounds, Warren, 724 F.2d at 780. The
23 FTCA specifically provides as follows:

24     A tort claim against the United States shall be forever barred unless it is presented in
    writing to the appropriate Federal agency within two years after such claim accrues or
25     **unless action is begun within six months after the date of mailing, by certified or
    registered mail, of notice of final denial** of the claim by the agency to which it was
26     presented.

27     28 U.S.C. § 2401(b) (emphasis added)

28       These requirements are jursidictional, they may not be waived, or equitably tolled, nor

1  can the United States be estopped from asserting them as defenses.  House, 573 F.2d at 614; Caidin, 564 F.2d at 286; Blain v. United States, 552 F.2d 289, 291 (9th Cir. 1977); United States v. Kubrick, 444 U.S. 111, 117-18 (1979); Rosales v. United States, 824 F.2d 799, 802 (9th Cir.1987).  Moreover, the statute of limitations is a condition of the FTCA's waiver of sovereign immunity and courts are directed to not extend the waiver beyond that which Congress intended. U.S. v. Kubrick, 444 U.S. 111, 117-118 (1979).

Mr. Galendez was alleged to have committed fraud with regard to his workers' compensation claims as late as May 2, 2003 during a recorded interview with USPS officials. He was terminated from his position as a USPS employee on December 15, 2003.  The state prosecution against Mr. Galendez was dismissed on May 25, 2005.  Mr. Galendez filed an administrative claim with the USPS which was received on November 11, 2005. (Exhibit A to Beatty Declaration).  The USPS denied this claim in writing by way of a letter dated and mailed on September 29, 2006. (Exhibit B to Declaration.) Calculating six months from September 29, 2006 leads to the end of March of 2007.  However Mr. Galendez did not file his complaint until April 22 of 2008, more than one year after the expiration of the FTCA statute of limitations. Mr. Galendez's complaint is untimely and must be dismissed with prejudice.

       B.    All Federal Defendants Except the United States Should be Dismissed.

It is a well established principle that the United States is immune from suit save as it has consented to be sued. United States v. Mitchell, 445 U.S. 535, 538 (1980).  The FTCA provides a limited waiver of sovereign immunity that permits suits against the United States in certain situations.  28 U.S.C. § 2679.  Moreover, the United States' sovereign immunity extends to federal agencies and to federal officials sued in their official capacities.  Gilbert v DaGrossa, 756 F.2d 1455, 1458 (9th Cir. 1985).

The Federal Tort Claims Act allows the United States, and only the United States, to be sued for the common law torts of its employees acting within the scope of their official duties. This remedy is exclusive and explicitly bars common law tort suits against individual federal employees and agencies. 28 U.S.C. § 2679(a) - (b)(1).  Further, the Ninth Circuit has recognized that the United States is the sole proper defendant in a suit brought under the Federal Tort

Claims Act. Allen v. Veterans Administration, 749 F.2d 1386, 1388 (9th Cir. 1984).

Pursuant to the weight of this authority, it is improper for a plaintiff to name a federal agency or a federal employee in an action brought under the FTCA. By extension it is inappropriate for Plaintiff to name both the USPS and a USPS official as individual defendants in this FTCA lawsuit. Both the USPS and John Potter, the U.S. Postmaster, should be dismissed, as the United States is the sole proper defendant.

### C. Plaintiff Cannot Assert a Bivens Constitutional Violation Against the USPS or Its Officers and Employees.

As discussed above, Plaintiff's complaint alleges four causes of action: (1) invasion of privacy, (2) unreasonable search and seizure, (3) unlawful interception, and (4) conspiracy to invade privacy. Each of these potentially implicates a constitutional right preserved by the Fourth Amendment of the U.S. Constitution, which protects against unreasonable search and seizures, and safeguards a person's privacy. The Fourth Amendment provides as follows:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S. Const. Amend IV.

In Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, the Supreme Court held that federal courts have the inherent authority to award damages to plaintiffs whose federal constitutional rights were violated by federal officials. 403 U.S. 388, 395 (1971). Although the United States has waived its sovereign immunity for torts in limited circumstances, it has not waived its sovereign immunity for claims arising from a violation of the Constitution. F.D.I.C. v. Meyer, 510 U.S. 471 (1994).

#### 1. Plaintiff Cannot Bring a Bivens Action Against the USPS.

Bivens remedies are not available to compensate plaintiffs for all constitutional torts committed by federal officials. Western Center for Journalism v. Cederquist, 235 F.3d 1153, 1156 (9th Cir. 2000). One circumstance in which a Bivens remedy is unavailable is when "Congress has provided what it considers adequate remedial mechanisms for constitutional

violations that may occur" in the course of administering a federal program." Schweiker v. Chilicky, 487 U.S. 412, 423 (1988). The Supreme Court has recognized two other circumstances when Bivens remedies are not available. First, when there are "special factors counseling hesitation in the absence of affirmative action by Congress," a Bivens action generally will not be inferred. Carlson v. Green, 446 U.S. 14, 18 (1980); Chappell v. Wallace, 462 U.S. 296, 304,(1983) (when the plaintiff is a soldier in the military, special factors counsel hesitation). Second, if Congress specifically forecloses such relief, then courts cannot judicially create a remedy. Carlson, 446 U.S. at 18-19. Similarly, and by extension, Congress has not consented to suit against federal agencies under Bivens. See FDIC v. Meyer, 510 U.S. 471, 486 (1994). Based upon this authority, to the extent that Plaintiff may have a Bivens action, he cannot assert it against the USPS.

2. The Postmaster Must Be Dismissed Because There Is No Allegation of Personal Conduct.

The Supreme Court has made clear that, to recover damages from a federal official in a Bivens case, a plaintiff must show that each named defendant personally engaged in conduct that violated the Plaintiff's constitutional rights. Seigert v. Gilley, 599 U.S. 226, 227, 232 (1991). To satisfy that burden at the pleadings stage, the Plaintiff must allege the direct, actual, personal participation in unconstitutional conduct of each defendant. See e.g. Rizzo v. Goode, 423 U.S. 362, 371 (1976). Plaintiff's complaint fails to allege any personal participation in the alleged wrongdoing on the part of the U.S. Postmaster, John Potter. The Postmaster must therefore be dismissed as a defendant.

3. Any Claim that Plaintiff May Have Under Bivens is Untimely.

As discussed above, in order to prevail in a Bivens action, Plaintiff must name individual defendants and allege personal conduct on the part of those individuals that caused harm. Seigert, 599 U.S. 226 at 227-232; Rizzo, 423 U.S. 362 at 371. However, with the exception of the U.S. Postmaster, John Potter, Plaintiff fails to satisfy this prerequisite by neglecting to name any individual defendants in his Complaint. Moreover, even if one were to construe the "Doe"

7

1  defendants to include the two USPS employees identified in the allegations of the Complaint,
2  Jerry Donovan and Linda Moore, Plaintiff has failed to file his Complaint within the applicable
3  statute of limitaitons.

4       A <u>Bivens</u> claim accrues when a plaintiff knows or has reason to know of the injury.
5  <u>Western Center for Journalism v. Cederquist</u>, 235 F.3d 1153, 1156 (9th Cir. 2000); <u>see also</u>
6  <u>Bagley v. CMC Real Estate Corp.</u>, 923 F.2d 758, 761-62 (9th Cir. 1991). Although federal law
7  governs accrual in the case of a <u>Bivens</u> claim, the law of the forum state determines the statute
8  of limitations for such a claim. <u>Wesley PAPA v. United States</u>, 281 F.3d 1004, 1009 (9th Cir.
9  2002). Tolling provisions for <u>Bivens</u> claims also are borrowed from the forum state. <u>Id</u>. In
10 2002, the California personal injury statute of limitations was amended to provide for a two-year
11 limitations period. <u>See</u> <u>Fox v. Ethicon Endo-Surgical, Inc.</u>, 112 Cal.App.4th 1572, 1579 n. 3
12 (2003).

13      Plaintiff's Complaint is untimely regardless of which date is utilized for purposes of
14 measuring the statute of limitations. Plaintiff alleges that in recording phone conversations with
15 the Plaintiff, Mr. Donavan and Ms. Moore undertook actions that violated his Constitutional
16 rights, including his right to privacy. The conduct complained of is alleged to have occurred in
17 2002 and 2003, as Plaintiff alleges that Mr. Donovan and Ms. Moore recorded certain phone
18 conversations involving themselves and the Plaintiff on September 12, 2002 and
19 February 5, 2003. (Complaint at ¶9)

20      Plaintiff fails to fulfill the statute of limitations even when one examines the events in the
21 light most favorable to Mr. Galendez. At the very latest, Plaintiff admits in his Complaint that
22 he knew about these recordings at the time the criminal charges against him were dismissed on
23 May 25, 2005, over two years after the recordings were made. (Complaint at ¶ 15.) However,
24 calculating two years from the May 25, 2005 date when criminal charges were dismissed leads
25 to May 25, 2007. Mr. Galendez did not file his Complaint until April 22, 2008, nearly one year
26 after the expiration of the statute of limitations on a <u>Bivens</u> claim. Any claim that Plaintiff may
27 have had under <u>Bivens</u> is untimely, and must be dismissed.
28

8

  **D.**   **Any Attempts by Plaintiff to Challenge His Removal Under Title VII Would Be Untimely.**

  Title VII makes it unlawful for an employer to discriminate with respect to an individual's "compensation, terms, conditions or privileges of employment, because of such individual's race, color, religion, sex or national origin." 42 U.S.C. § 2000e-2(a)(1). To establish unlawful discrimination, Plaintiff must prove either disparate treatment[3] or the existence of a hostile work environment based on a protected characteristic. Sischo-Nownejad v. Merced Community College Dist., 934 F.2d 1104, 1109 (9th Cir. 1991). Title VII also prohibits retaliation against those who engage in activities protected by the statute. Jordan v. Clark, 847 F.2d 1368, 1375-76 (9th Cir. 1988).

  In order to bring a Title VII claim, a federal employee must exhaust his administrative remedies under 29 C.F.R. § 1614. National Railroad Passenger Corp. v. Morgan, 536 U.S. 101, 104-05, 108-14 (2002); Leorna v. United States Department of State, 105 F. 3d 548, 550-51 (9th Cir. 1997). This requirement to seek administrative relief is not a mere technicality. Rather, it advances the goal of vesting central responsibility for resolving employment discrimination with the agencies engaged in hiring, firing, and promoting personnel. See Barnes v. Levitt, 118 F.3d 404, 409 (5th Cir. 1997).

  A required step in the EEO administrative process is filing a formal administrative complaint with the employee's agency.[4] An aggrieved federal employee with a Title VII or ADEA claim must file this complaint within fifteen days after the agency mails a notice of the right to file. 29 C.F.R. §§ 1614.105(d), 1614.106(a)-(b); Scholar v. Pacific Bell, 963 F.2d 264, 267 (9th Cir. 1992). The employee must then wait until a final agency decision issues or 180 days pass, whichever comes first. 42 U.S.C. § 2000e-16(c); 29 C.F.R. §1614.407(b). Only then may he file a district court action. Martini v. Federal Nat'l Mortgage Assoc., 178 F.3d 1336, 1347 (D.C. Cir. 1999). A complainant who files in district court prematurely "did not exhaust

---

  [3]  Disparate impact also can serve as a basis for a Title VII claim, but Plaintiff has not alleged disparate impact discrimination in this action.

  [4]  The first step in exhausting administrative remedies is contacting an EEO counselor. 29 C.F.R. § 1614.105 (a)(1).

9

her administrative remedies." Tolbert v. United States, 916 F.2d 245, 249 (5th Cir. 1990).

Mr. Galendez failed to file any sort of administrative complaint appealing his removal from employment. (Beatty Declaration at ¶ 5.) This is a prerequisite to filing a lawsuit in federal court that challenges an employment action. Having failed to file any administrative claim, any possible claim that Mr. Galendez may have under Title VII must be dismissed. Moreover, granting leave to amend on this point would be futile, as the time for Mr. Galendez to file an administrative complaint has long passed. At best Mr. Galendez had fifteen days after the December 15, 2003 letter of decision to file an administrative complaint. No administrative complaint has ever been filed, and consequently Mr. Galendez cannot bring an action against the USPS challenging his removal under Title VII.

## IV.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court grant the instant motion and dismiss Plaintiff's complaint against the United States with prejudice.

DATED: September 8, 2008

KAREN P. HEWITT
United States Attorney

/s Steve B. Chu

STEVE B. CHU
Assistant U.S. Attorney

Attorneys for all Federal Defendants