# EXHIBIT A

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROROVED OMB NO. 1105-0008 EXPIRES 5-31-05 |
|---|---|---|

| 1. Submit To Appropriate Federal Agency: | 2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, street, city, State and Zip Code) |
|---|---|
| UNITED STATES POSTAL SERVICE OFFICE OF INSPECTOR GENERAL 1735 NORTH LYN STREET ARLINGTON, VIRGINIA 22209-2020 | RAMON BAUTISTA GALENDEZ JR. 1308 STAYTEN ST. SAN DIEGO, CA 92114 ATTORNEY JOEL C. GOLDEN 2356 MOORE ST. #201, SAN DIEGO, CALIFORNIA 92110 |

| 3. TYPE OF EMPLOYMENT ☐ MILITARY ☒ CIVILIAN | 4. DATE OF BIRTH 2/28/49 | 5. MARITAL STATUS MARRIED | 6. DATE AND DAY OF ACCIDENT 5/26/05 COURT RULED RECORDINGS UNLAWFUL | 7. TIME (A.M. OR P.M) A.M. |
|---|---|---|---|---|

8. Basis of Claim (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof) (Use additional pages if necessary.)

POSTAL INSPECTOR JERRY DONOVAN AND INJURY COMPENSATION SPECIALIST LINA MOORE UNLAWFULLY RECORDED TELEPHONE CONVERSATIONS WITH CLAIMANT RAMON BAUTISTA GALENDEZ JR. WITHOUT HIS KNOWLEDGE AND CONSENT ON 2/5/03 AND 9/11/03. SAID RECORDINGS WERE RULED TO BE UNLAWFUL ON 5/26/05. THE RECORDINGS RESULTED IN EMPLOYMENT TERMINATION AND CRIMINAL CHARGES WHICH WERE LATER DISMISSED. ALL OCCURRED IN SAN DIEGO, CA.

9. PROPERTY DAMAGE

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, street, city, State, and Zip Code)

NO PROPERTY DAMAGE CLAIMED

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See instructions on reverse side)

N/A

10. PERSONAL INJURY/WRONGFUL DEATH

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT

AS A RESULT OF UNLAWFUL ACTIVITY BY DONOVAN AND MOORE CLAIMANT GALENDEZ LOST HIS JOB AND WAS CRIMINALLY CHARGED WITH 28 COUNT COMPLAINT WHICH WAS DISMISSED BY JUDGE ON 5/26/05 DUE TO UNLAWFUL RECORDINGS

11. WITNESSES

| NAME | ADDRESS (Number, street, city, State, and Zip Code) |
|---|---|
| JERRY DONOVAN | U.S. POSTAL DEPT. |
| LINDA MOORE | UNKNOWN |

12. (See instructions on reverse) AMOUNT OF CLAIM (in dollars)

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) |
|---|---|---|---|
| N/A | $2,000,000 | N/A | $2,000,000 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.) | 13b. Phone number of signatory 619 263 9909 | 14. DATE OF CLAIM 11/21/05 |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant shall forfeit and pay to the United States the sum of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the United States. (See 31 U.S.C. 3729.) | Imprisonment for not more than five years and shall be subject to a fine of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the United States. (See 18 U.S.C.A. 287.) |

95-108 NSN 7540-00-634-4046 STANDARD FORM 95 (Rev. 7-85)
Previous editions not usable PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

RECEIVED JAN 9 2006 OPS PROG SAN DIEGO CA 92199

2

### PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.

A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.

C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.

D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid".

### INSTRUCTIONS

**Complete all items – Insert the word NONE where applicable**

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A **SUM CERTAIN** FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT, THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN **TWO YEARS** AFTER THE CLAIM ACCRUES.

Any instructions or information necessary in the preparation of your claim will be furnished, upon request, by the office indicated in item #1 on the reverse side. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplemental regulations also. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with said claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file claim for both personal injury and property damage, claim for both must be shown in item #12 of this form.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) Failure to completely execute this form or to supply the requested material within two years from the date the allegations accrued may render your claim "invalid". A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

**Failure to specify a sum certain will result in invalid presentation of your claim And may result in forfeiture of your rights.**

Public reporting burden for this collection of information is estimated to average 15 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or other aspect of this collection of information, including suggestions for reducing this burden,

to Director, Torts Branch
Civil Division
U.S. Department of Justice
Washington, DC 20530

and to the
Office of Management and Budget
Paperwork Reduction Project (1105-0008)
Washington, DC 20503

### INSURANCE COVERAGE

In order that subrogation claims be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of his vehicle or property.

15. Do you carry accident insurance? ☐ Yes, if yes give name and address of insurance company (*Number, street, city, State, and Zip Code*) and policy number. ☐ No

*N/A – NO PROPERTY DAMAGE CLAIMED*

16. Have you filed claim on your insurance carrier in this instance, and if so, is it full coverage or deductible?

*N/A*

17. If deductible, state amount

*N/A*

18. If claim has been filed with your carrier, what action has your insurer taken or proposes to take with reference to your claim? (*It is necessary that you ascertain these facts*)

*N/A*

19. Do you carry public liability and property damage insurance? ☐ Yes, If yes, give name and address of insurance carrier (*Number, street, city, State, and Zip Code*) ☐ No

*N/A*

* U.S. GOVERNMENT PRINTING OFFICE: 1989–241-17    95 (Rev. 7-85) BACK

RECEIVED JAN 9 2006 OPS PROG SAN DIEGO CA 92199

3

# EXHIBIT B

LAW DEPARTMENT
NATIONAL TORT CENTER


UNITED STATES
POSTAL SERVICE

CERTIFIED NO: 7005 1160 0001 3532 6411
RETURN RECEIPT REQUESTED

September 29, 2006

Joel C. Golden
2356 Moore Street, Suite 201
San Diego, CA 92110

RE:   Your Client: Ramon Bautista Galendez
      DOI: May 26, 2005

Dear Mr. Golden:

This is in reference to the administrative claim you filed on behalf of Ramon Bautista Galendez, Jr. against the United States Postal Service under the provisions of the Federal Tort Claims Act. That claim seeks recovery of $2,000,000 for personal injuries allegedly sustained by Mr. Galendez as a result of allegedly unlawful recorded telephone conversations. Mr. Galendez' claim is not compensable under the FTCA for a variety of reasons.

The Postal Service is not legally obligated to pay all losses which may occur, but only those caused by the negligent or wrongful act or omission of an employee while acting in the scope of his or her employment. We are guided in our determination by all the information available to us, including the reports of our personnel and other persons acquainted with the facts. As to the incident at issue, an investigation of this matter failed to establish a negligent act or omission on the part of the Postal Service or its employees. That alone supports a denial of this claim.

Moreover, although Mr. Galendez was eventually acquitted of the charges against him, we do not believe it was because they were unfounded. The Court's decision to acquit was based primarily on its exclusion of the electronic surveillance evidence. That evidence was properly acquired by federal employees in full compliance with federal law. We believe the use of electronic surveillance was appropriate, and have no doubt this matter would have concluded with a conviction had the evidence been considered admissible. Mr. Galendez' allegations do not entitle him to recovery from the Postal Service. Therefore, his claim is denied.

Furthermore, Mr. Galendez' claim is based upon allegations that do not raise a claim cognizable under the Federal Tort Claims Act (FTCA) and which are specifically exempted under 28 U.S.C. § 2680 (a) and (h) which state, in part:

P.O. BOX 66640
ST. LOUIS, MO 63166-6640
TEL: 314/872-5172
FAX: 314/872-5192

- 2 -

> The provisions of this chapter and section 1346 (b) of this title shall not apply to:
>
> (a)  Any claim based upon an act or omission of an employee of the Government . . . based upon the exercise or performance or failure to exercise or perform a discretionary function or duty . . . whether or not the discretion involved be abused.   . . .
> (h)  Any claim arising out of ... false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights.

Furthermore, to the extent Mr. Galendez' claim could be construed to allege a violation of Constitutional rights, the Federal Tort Claims Act does not provide a relief to claimant.  28 U.S.C. § 1346(b).

In accordance with 28 U.S.C. § 2401(b) and 39 C.F.R. 912.9(a), if dissatisfied with the Postal Service's final denial of an administrative claim, a claimant may file suit in a United States District Court no later than six (6) months after the date the Postal Service *mails* the notice of that final action.  Accordingly, any suit filed in regards to this denial must be filed no later than six (6) months from the date of the mailing of this letter, which is the date shown above.  Further, note the United States of America is the only proper defendant in a civil action brought pursuant to the Federal Tort Claims Act and such suit may be heard only by a federal district court.

Alternatively, and in accordance with the regulations set out at 39 C.F.R. 912.9(b), prior to the commencement of suit and prior to the expiration of the six (6) month period provided in 28 U.S.C. § 2401(b), a claimant, her duly authorized agent, or legal representative, may file a written request for reconsideration with the postal official who issued the final denial of the claim. Upon the timely filing of a request for reconsideration, the Postal Service shall have six (6) months from the date of filing in which to make a disposition of the claim and the claimant's option under 28 U.S.C. § 2675(a) shall not accrue until six (6) months after the filing of the request for reconsideration.

A request for reconsideration of a final denial of a claim shall be deemed to have been filed when received in this office.

Nothing in this letter should be construed to limit or waive any defenses which may be available to the United States should litigation ensue.

Sincerely,

Conny Beatty

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X _[signature]_  ☑ Agent  ☐ Addressee<br>B. Received by (Printed Name): FRED MENDOZA   C. Date of Delivery: 10-3-06 |
| 1. Article Addressed to:<br><br>JOEL C. GOLDEN<br>2356 MOORE STREET, SUITE 201<br>SAN DIEGO, CA 92110 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No<br><br>3. Service Type<br>☑ Certified Mail  ☐ Express Mail<br>☐ Registered  ☐ Return Receipt for Merchandise<br>☐ Insured Mail  ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee)  ☐ Yes |
| 2. Article Number (Transfer from service label) | 7005 1160 0001 3532 6411 |

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540

# EXHIBIT C


**UNITED STATES POSTAL SERVICE**

DATE: December 15, 2003

DELIVERY CONFIRMATION NUMBER
0303-2460-0002-9375-0046

SUBJECT: **LETTER OF DECISION**

Ramon Bautisita Galendez Jr.  SSN: ███████
Letter Carrier  San Diego 92120

[Stamp: RECEIVED JAN 9 2006 OPS PROG SAN DIEGO CA 92199]

You were issued a notice, dated October 23, 2003, proposing to remove you from the Postal Service based on the charges outlined in that notice.

You failed to respond to that notice, therefore I have given full consideration to all available evidence of record, prior to arriving at this decision. I find the charges as stated in the Notice of Proposed Removal, are fully supported by the evidence and warrant your removal from the Postal Service.

The notice, dated October 23, 2003, charged you with Misrepresentation / Failure to Disclose Outside Employment. A review of applicable records clearly reveals you took steps to misrepresent yourself to your physicians as well as the Postal Service. In addition, you failed to disclose your outside employment.

Nothing has been presented to date, nor has any information surfaced to indicate the charges as described are a misrepresentation of the relevant facts in your case. You have not refuted the charges in the Notice of Proposed Removal and you have failed to provide an explanation as to why you misrepresented your injuries and why you failed to fully disclose your outside employment. Nor have you presented any evidence to indicate the charges were improper. Based on those facts, I find that the charges are sustained.

As you have failed to rebut any of the evidence of record, I have given great consideration to the measure of penalty to be imposed. This has included an exhaustive list of relevant factors, including but not limited to, the nature and seriousness of the charges, your past work record, the fact that as a rehabilitated Letter Carrier you have been placed on clear notice by the Postal Service and the Office of Workers Compensation that you must fully disclose all relevant information regarding your injuries and wages. You have not provided any mitigating circumstances surrounding your offense. I have considered the adequacy and effectiveness of alternate sanctions to deter such conduct in the future by you or others, and your potential for rehabilitation.

I have noted your 19 years of service, and have considered the elements of your past record as cited in the Notice of Proposed Removal. As an employee with over 19 years of employment with the Postal Service, you are fully aware of the level of trust that is expected from a Postal employee. Your length of service is a mitigating factor, but only in reducing the potential penalty for your conduct, but cannot excuse all together the charge.

10060 Willowcreek Rd
San Diego CA 92131
858-530-2298

LETTER OF DECISION
Ramon B. Galendez Jr.
December 15, 2003

I also note that your potential for rehabilitation as a postal employee is marginal, as it is difficult to envision the rehabilitation of a postal employee who misrepresents his injuries and fails to fully disclose information regarding his outside employment to the Department of Labor as well as the Postal Service.

After careful consideration of the above mentioned factors and a review of all available evidence of record, I have concluded that other efforts short of removal could not be offered to you that would assist you in correcting your deficiencies.

This has been a difficult decision for me to make; however, after consideration of the foregoing, I believe that your removal from the Postal Service is justified and will be effective December 27, 2003.

As a preference eligible, you have a right to appeal this decision in writing to the Merit Systems Protection Board (MSPB), Regional Administrator, 525 Market St., 25th Floor, San Francisco, CA 94105, within 30 calendar days from the effective date of this decision. If you appeal to the MSPB, you should furnish me a copy of your appeal.

For a grievance to be timely filed in accordance with Article 15 of National Agreement, it must be presented at Step 1 within 14 days of the receipt of the proposed action. The notice of proposed removal was dated October 23, 2003. You have the right to file an MSPB appeal and a grievance on the same matter. However, the filing of a grievance will not extend the time limit for filing an appeal with the MSPB. You do not have the right to a review by the MSPB of the final decision on a grievance.

An arbitration hearing on your grievance will be deferred if:

- You have an MSPB appeal pending and the union appeals your grievance on the same action to arbitration;
- You appeal to the MSPB after your grievance has been appealed to arbitration;

You will be deemed to have waived access to arbitration if:

- An MSPB hearing begins on the merits of your appeal;
- The MSPB issues a decision on the merits of your appeal;
- You settle the MSPB appeal;
- The MSPB closes the record after you request a decision without a hearing.

If you believe that the action is based, in whole or in part on discrimination, you have the option of filing an appeal with the MSPB, or filing an EEO complaint with the Postal Service, but not both. Before filing an EEO complaint, you must bring the matter to the attention of Wanda McCormick, Manager, EEO Dispute Resolution, P O Box 509503, San Diego, CA 92150-9503 (858) 674-2644 within 45 calendar days of the effective date of this decision. The EEO complaint will be processed pursuant to the appropriate regulations (29 CFR Section 1614.302 through 1614.310).

10060 Willowcreek Rd
San Diego CA 92131
858-530-2298

2

LETTER OF DECISION
Ramon B. Galendez Jr.
December 15, 2003

If you file an MSPB appeal you are not entitled to a hearing by the Equal Employment Opportunity Commission (EEOC), unless:

- Your appeal to the MSPB is dismissed for lack of jurisdiction, or

- The Postal Service fails to issue a final agency decision on your EEO complaint within 120 days of the date you filed your EEO complaint.

You may request a hearing by the MSPB after the Postal Service has rendered a decision on your EEO complaint or after 120 calendar days from filing your EEO complaint, whichever occurs first.

If you appeal this action, you will remain on the rolls but in nonpay, nonduty status after the effective date of this action until disposition of your case has been reached either by settlement or through exhaustion of your administrative remedies.]

If this action is reversed or modified on appeal, back pay may be allowed in accordance with 5 CFR § 550.801 through 550.808, as applicable, unless the award or decision specifies otherwise.

If this action is reversed or modified in arbitration, back pay may be allowed unless the award specifies otherwise, only if you have made reasonable efforts to obtain alternate employment during the potential back pay period. The documentation, which you must maintain and present to support a back pay claim is, described in Part 436 of the Employee and Labor Relations Manual.

*[signature]*

Harry Ringgold
Manager Customer Service Operations

[RECEIVED JAN 9 2006 OPS PROG SAN DIEGO CA 92199]

Encl:   MSPB Regulations
        MSPB Appeal Form
        ELM 436

CC: POSTMASTER/ OPF/ M: LR/ FILE

10060 Willowcreek Rd
San Diego CA 92131
858-530-2298

3

JOEL C. GOLDEN
Attorney at Law
2356 Moore Street, Suite 201
San Diego, CA 92110

United States Postal Service
Office of Inspector General
1735 North Lyn Street
Arlington, Virginia 22209-2020